IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KATHLEEN FRANCES WEHMHOEFER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-05-2516 |
| § | |
| JOHN FRANKLIN KITCHEL, et al., § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

This civil suit was filed by a Texas prison inmate, Scott Nathan Wehmhoefer, in behalf of his sister, Kathleen Frances Wehmhoefer. The issues and objectives of the complaint are unclear; however, it appears that there is a dispute among family members regarding distribution of funds. What is clear is an allegation that Ms. Wehmhoefer is supposed to receive a check in the amount of a half-million dollars three times each year. (Ms. Wehmhoefer had received much larger checks in the past.) Ms. Wehmhoefer's brother seeks prosecution of persons who allegedly forged checks without Kathleen's consent. The alleged sums of money are staggering in light of the fact that the aggrieved party could only find a prison inmate to prosecute her case.

The allegations border on the fantastic and bear little credence that would merit review by the court.  See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Prewitt v. United States Postal Serv., 754 F.2d 641, 641 (5th Cir. 1985) ("[W]e stand at the gate of the realms of fantasy.  We decline to enter in.").  If the alleged sums of money are true, then a licensed attorney should be found to investigate the facts and draft pleadings that contain some semblance of a reasoned argument.

Moreover, this action cannot proceed because it has been filed in the United States District Court for the Southern District of Texas by an individual who is not a party or a licensed attorney. See District Court Local Rule 11.  As a convicted state prisoner, Wehmhoefer cannot represent another party in a civil proceeding. Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998) ("in a federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer").  See also Shaw v. Murphy, 121 S.Ct. 1475 (2001) (prison inmates do not have a First Amendment right to provide legal advice or assistance to others).

Therefore, this action will be dismissed because it is legally baseless pursuant to the provisions of 28 U.S.C. § 1915A.  See Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).

The court **ORDERS** the following:

1. This civil rights action is **DISMISSED**. 28 U.S.C. § 1915A.

2. The Clerk shall send a copy of this Memorandum Opinion and Order to the parties and the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159.

**SIGNED** at Houston, Texas, on this 22nd day of August, 2005.

SIM LAKE
UNITED STATES DISTRICT JUDGE